## NICHOLSON v. DRENNAN.

1. SERVICE OF AMENDED PLEADING—WAIVER.—It is the right of a defendant to have a copy of an amended complaint served upon him, but he may waive this right, and does waive it when he tells the plaintiff's attorney that he does not wish to have a copy.

2. ESTATE BY IMPLICATION.—A testator by his will directed "that the plantation and stock and all things belonging to the same as it is subject to necessary changes to keep up the place as may be judged by my executor, and is to remain so during my wife's life-time and after her death the property and money of my estate is to equally divided among my children that may be alive at that time." Testator then provided for the custody of his children and named their guardians, who were "to receive and pay over for the benefit of what may be coming them of my estate." *Held*, that the widow took an estate for life by implication.

3. IBID.—POWERS.—*Held further*, that there is nothing to show an intention to vest any estate in the executor, and nothing from which an estate in him could be raised by implication. A power given to him to make a deed of conveyance to a parcel of land which the testator had contracted to sell was a mere naked power.

4. QUIET ENJOYMENT—INJUNCTION.—The alienee of the widow is entitled during the life-time of the widow to the quiet and undisturbed possession of the land devised, and the court will restrain by injunction any interference by the children of testator with this right.

Before KERSHAW, J., Chester, March, 1891.

Action by Sarah G. Nicholson against James S. Drennan, as executor of E. J. Lynn, and J. R. Lynn, commenced July 2, 1890. The Circuit decree, after stating the case, proceeded as follows :

The court is of the opinion that the executor is mistaken in his construction of the will, and as a partisan has espoused the wrong side. It is laid down in Powell on Devises, "that a devise to the devisor's heir after the death of A will give A an estate for life by implication." It is even said to have been "long settled." The same high authority says, "that the implication arises as well in the case of a devise to one of several co-heirs as to a sole heir." See Powell on Devises, part 2, pp. 199, 200.

It is therefore adjudged, that the said Maria L. Lynn was entitled under the will of the testator to a life estate for her own life in the property devised as aforesaid, and that, under her deed of conveyance, the plaintiff herein is entitled to recover the said property, and to hold the same to her own use and benefit as owner thereof during the life-time of the said Maria L. Millen; that the defendants be restrained and enjoined from further interfering with or molesting the plaintiff in her quiet and peaceable enjoyment of the estate herein adjudged to her; that the defendants pay the costs of this action.

The grounds of appeal were as follows:

1. For that his honor erred in holding, when the case was called for hearing, that the plaintiff was properly before the court, despite the objection of this defendant that the complaint of the plaintiff had been amended by a previous order of the court, and no copies of such amended complaint had ever been served on this defendant. 2. For that his honor erred in overruling the objection of this defendant, that no copies of such amended complaint had been served. 3. For that his honor erred in overruling the oral demurrer of this defendant, taken upon the ground "that the court has no jurisdiction of this cause." 4. For that his honor erred in holding in his decree "that the executor is mistaken in his construction of the will." 5. For that his honor erred in holding "that the said Maria L. Lynn was entitled under the will of the testator to a life estate for her own life in the property devised as aforesaid, and that under her deed of conveyance the plaintiff herein is entitled to recover the said property, and to hold the same to his own use and benefit as owner thereof during the life-time of said Maria L. Millen." 6. For that his honor erred in ordering "that the defendants be restrained and enjoined from further interfering with or molesting the plaintiff in her quiet and peaceable enjoyment of the estate herein adjudged to her."

*Mr. Will A. Barber,* for appellant.

*Mr. S. P. Hamilton,* contra.

February 20, 1892. The opinion of the court was delivered by MR. CHIEF JUSTICE MCIVER. E. J. Lynn, by his last will and testament duly executed, after providing for the payment of his debts, disposed of his property as follows: "I will and direct that the plantation and stock remain and all things belonging to the same as it is, subject to necessary changes to keep up the place as may be judged by my executor (whose name will hereafter be mentioned) and is to remain so during my wife's lifetime, and after her death the property and money of my estate is to (be) equally divided among my children that may be alive at the time. I would here mention I sold Bill White (freedman) a certain portion of land off the place I now live on supposing it to be one hundred acres. He was to pay four dollars per acre, and is to pay one-half of the purchase money this fall, and is to have titles to the same. It is my will that the contract is to be carried out, and I direct and empower my executor to carry it out, and when the money is paid to give Bill White a *bona fide* title to the premises as is mentioned above. If it turns out that my children can't stay on the place together, it is my will and also my request that Mr. Harvey Drennan should take my two oldest boys and take care of them, and I also appoint him their lawful guardian to receive and pay over for the benefit of what may be coming them of my estate. I also request my sister, Nancy Miller, to take my son Robert and take care of him as long as she may live, if necessary, and I appoint her his lawful guardian to receive and pay out what may be coming to him out of my estate. I appoint James S. Drennan executor of this my last will and testament."

E. J. Lynn died seized and possessed of the tract of land which is the subject of contention in this action, leaving surviving him his wife, Maria L., who subsequently intermarried with Harper Millen, an infant son by his marriage with said Maria L., and Harvey Jefferson and the defendant Robert, children of a former marriage of testator. All of these children have died except the defendant Robert, who is now the sole surviving child of the testator. On the 7th of December, 1889, the said Maria L. conveyed all her right, title, and interest in the land in controversy to the plaintiff herein, who brings this action for the purpose of

obtaining a construction of this very inartistic and quite obscure will; claiming that under a proper construction the testator's widow took an estate for her life in the said land, with remainder to such of the children of testator as may be alive at the time of the death of the life tenant, and that by her purchase from the said Maria L. she is entitled to the possession of said property during the life of said Maria L., and prays that the court may by injunction restrain the said J. Robert Lynn from interfering with or molesting her in the possession of said premises.

The defendant, J. Robert Lynn, was made a party by publication, but filed no answer. The executor, Drennan, answered, saying, amongst other things, that having duly qualified as executor of the will above set out, "he made a final return and received his discharge in accordance with law from the Probate Court of this county on the 16th day of March, 1888, and that, at the time of the commencement of this action, he had in his possession no property whatsoever belonging to the estate of the said E. J. Lynn;" that after the second marriage of the said Maria L., she abandoned the land in question, and left the same entirely to the control of the surviving heirs of the said E. J. Lynn; that after the death of the other children, defendant Robert took possession of said land without objection from said Maria L., and remained in possession until the year 1889, when, having become deeply involved in debt, he, as defendant believes, left the State; that while in possession of said land he executed several mortgages thereon, amongst which was one to the plaintiff herein; that the said Maria L. set up no claim to a life estate in the land until the said mortgages had been executed; that this defendant contends that it was the intention of said E. J. Lynn to give his entire property to his children, and that the only right he intended the said Maria L. to have was that of mere occupancy during her life-time; wherefore he demands that the will shall be so construed, and that the defendant Robert shall be held to be the sole owner in fee of the said land.

It seems that when the case was first called for hearing at October term, 1890, the defendant Drennan interposed an oral demurrer, because the complaint did not state facts sufficient to constitute a cause of action; the defect being, as we understand

it, that it contained no allegation that the testator had died seized and possessed of the land in question.  His honor, Judge Witherspoon, sustained the demurrer, but granted plaintiff leave to amend her complaint by inserting the omitted allegation.  Plaintiff accordingly so amended her complaint, by interlineation, but no copy of the complaint as amended was ever served on defendants.  Accordingly when the case was called for hearing by his honor, Judge Kershaw, at March term, 1891, objection was made that as no copy of the amended complaint had been served, the case was not properly before the court and could not then be heard.  Whereupon the following statement contained in the "Case" was made in open court by the attorney for plaintiff: "That some time before the term at which this cause was for trial, at least a month or two, he went to Mr. Barber, of the firm of Barber & James, the attorneys conducting the cause, and asked him if he wished a copy of the amended complaint, to which he replied that he did not, as he had no answer to make to it.  This statement was admitted to be true in open court, in presence of Hon. J. B. Kershaw, who overruled (the objection) on the ground that the conduct of Mr. Barber was a waiver of the (service of the) amended complaint, and to hold otherwise would operate as a surprise on the plaintiff's attorney."

The defendant then demurred to the complaint upon the ground "that this court has no jurisdiction of this cause."  The demurrer was overruled, and defendant excepted to both rulings.  The case was then heard, and testimony adduced establishing all the allegations of both complaint and answer, and his honor, Judge Kershaw, rendered a decree rejecting the construction of the will claimed by the executor and sustaining that contended for by plaintiff, holding that the said Maria L. took an estate for her life by implication in the land which, having been conveyed to the plaintiff, she was entitled to hold the same during the life of said Maria L., and that defendants be enjoined from further interfering with or molesting her in the quiet and peaceable possession of the estate adjudged to her.  From this judgment the defendant Drennan appeals upon the several grounds set out in the record.  The first and second grounds impute error to the Circuit Judge in his rulings as to the effect of the non-service of the

22—35

amended complaint. The third ground alleges error in overruling the demurrer for want of jurisdiction. The fourth and fifth grounds raise the question as to the proper construction of the will. The sixth ground imputes error to the Circuit Judge in granting the injunction asked for.

We think it clear that the first and second grounds cannot be sustained. While it is quite true that a defendant has a right to have a copy of the complaint as amended served upon him, yet this right, like most others, can be waived; and we agree entirely with the Circuit Judge, that the conduct of defendant's attorney, when asked by the plaintiff's attorney whether he wished a copy of the complaint as amended, amounted to a waiver of such right. If the defendant did not wish to answer the additional allegation inserted by the amendment (which was certainly not likely to be made an issue in the case, as both parties claimed under E. J. Lynn), as his attorney said he did not, then what more natural than that he should answer, as he did, that he did not want a copy of the amended complaint; and such an answer necessarily had the effect of inducing the plaintiff's attorney to omit serving a copy of the amended complaint, which he doubtless otherwise intended to do, as shown by his application to defendant's attorney. It is true that appellant's counsel in his argument here has insisted that this statement which 'we have copied from the "Case," as settled by the Circuit Judge, does not correctly represent what actually did occur. But, as we have often held, we are bound by what appears in the "Case" as prepared for argument here.

The third ground of appeal was not pressed in the argument here; and as we can conceive of no ground upon which it can rest, it must be overruled.

The fourth and fifth grounds raise the real question in the case, and we concur with the Circuit Judge in his construction of the will. It is very clear that nothing was given or intended to be given to the children until after the death of testator's wife, and it is equally clear that the testator intended some benefit for his wife. The view taken by the Circuit Judge, that the testator's wife took an estate for her life by implication, is fully supported not only by the authority which he

cites, but also by other standard text writers.  See 1 Jarman on Wills, 435–6; 2 Black. Com., 381, where the author uses as an illustration of the doctrine these words: "As where a man devises lands to his heir at law after the death of his wife; here, though no estate is given to the wife in express terms, yet she shall have an estate for life by implication; for the intent of the testator is clearly to postpone the heir till after her death, and if she does not take it, nobody else can."  This language seems exactly applicable to the case under consideration.  See, also, to same effect, 2 Fonbl. Eq., 58, and *Smith* v. *Poyas*, 1 DeSaus., 156, as well as the case of *Carr* v. *Porter*, 1 McCord Ch., at page 79, where the same doctrine is recognized.  The Circuit Judge is therefore fully sustained in his view, that under the terms of this will the testator's widow, Maria L., took an estate for life by implication.

The position taken by counsel for appellant in his argument here, that the will should be construed as a devise to the executor in trust to permit the testator's wife to occupy the premises during her life, and after her death to divide the same equally amongst such of the children as might then be alive, is not only wholly inconsistent with the claim set up by the executor in his answer; but even if so set up by the answer, could not be sustained.  There is nothing in the will indicating an intention to vest any estate of any kind in the executor, and there is nothing from which an estate in him could be raised by implication.  He is not even charged with the management of the property for the benefit of either the wife or the children of testator.  The authority given him to convey the 100 acres to Bill White is a mere naked power, for the execution of which there was no necessity that any estate should be vested in him.

It follows, from what has been said above, that the sixth ground of appeal cannot be sustained, for if, as we have held, the widow of testator, the said Maria L., took an estate for her life in the premises in question, there can be no doubt that she, or her alienee, the plaintiff, is entitled to the quiet and undisturbed possession thereof; and if, as the plaintiff alleges in her complaint and has proved, her peaceable and quiet possession and use of said premises has been interfered with and pre-

vented by the unfounded claims of defendants, it is her unquestionable right to be protected by injunction against such unlawful interference.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.